IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edith J. Van Buren-Whitfield,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Blue Cross and Blue Shield of South Carolina,<br><br>　　　Defendant. | CASE NO.:　2:23-cv-03025-DCN<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

　　　The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

　　　1.　The Plaintiff, Edith J. Van Buren-Whitfield, is a citizen and resident of Charleston County, South Carolina.

　　　2.　The Defendant, Blue Cross and Blue Shield of South Carolina, upon information and belief, is a domestic corporation organized doing business and maintaining offices and agents in the State of South Carolina.

　　　3.　Plaintiff is enrolled in Defendant Blue Cross and Blue Shield of South Carolina's Health Insurance Plan (hereinafter "Plan"). Blue Cross and Blue Shield of South Carolina is the insurer and claims administrator of the Plan.

　　　4.　The Plan is governed by the Employee Retirement and Income Security Act of 1974 ("ERISA") pursuant to 29 U.S.C. § 1001, et seq.

　　　5.　In this matter, Plaintiff sought health insurance benefits under Defendant's policy which is governed by 29 U.S.C. §1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

　　　6.　The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

　　　7.　On June 26, 2021, Plaintiff presented to Roper St. Francis Mount Pleasant for a treatment and was examined.  After examination, it was found that Plaintiff had fractured her patella and was referred to Southern Ortho and Spine for further treatment.

　　　8.　On July 2, 2021, Plaintiff received an Accident Questionnaire from Defendant.

9. On or about December 28, 2021, Plaintiff's counsel received a letter from Defendant, requesting that Counsel agree to protect the Defendant's subrogation lien.  Plaintiff's counsel agreed to protect the Defendant's lien.

10. On or about July 8, 2022, Plaintiff's counsel sent Defendant a letter via USPS and Facsimile, stating that counsel had not heard from them, and that Defendant had not paid any of the Plaintiff's medical bills related to the incident.

11. On or about July 12, 2022, Plaintiff received a letter from Defendant stating that because another party was at fault for her injuries they have a lien, but that lien amount was only for the initial treatment date only.

12. Plaintiff's counsel has left a number of messages for the Defendant representative but has not received a response to date.  Due to the Defendant not processing Plaintiff's medical bills for payment, and with no denial letter being issued as to why, Plaintiff's credit has now been affected.

13. Plaintiff has submitted a claim to the third-party and said claim was denied.

## FOR A FIRST CAUSE OF ACTION

14. Plaintiff respectfully requests that this Court consider the lack of opportunity to create an administrative record in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker,* 550 F.3d 353 94th (Cir. 2008), if applicable and depending on the standard of review, and declare pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan.

15. In the event that the court review the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits the Plaintiff respectfully asks that, in the event of such a finding, that the Court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.

16. Should the Court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE**, having fully stated their complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the dental insurance benefits they seek pursuant to 29 U.S.C. §1132(a)(1)(B), attorneys fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

*(Signature of following page)*

**WIGGER LAW FIRM, INC.**

*s/ Jarrel L. Wigger*
Jarrel L. Wigger (Fed. ID #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
This 26th day of June 2023